UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-21240-CIV-HUCK/O'SULLIVAN

DEHRES LLC, a New York limited liability
company, RICK SHATZ, INC., a New York
corporation, J.B. INTERNATIONAL, LLC d/b/a
J. Birnbach, a New York limited liability company,
WALTER ARNSTEIN, INC., a New York corporation,
HAJIBAY INTERNATIONAL, INC. d/b/a Hajibay & Co.,
a New York corporation, NORMAN SILVERMAN
DIAMONDS, INC., a California corporation,
SORUM DIAMONDS, INC., a New York corporation,
and JOSEPH GAD INCORPORATED d/b/a
Joseph Gad & Co., a New York corporation,

        Plaintiffs,

v.

THE UNDERWRITERS AT INTEREST at
LLOYD'S LONDON, subscribing to insurance
CERTIFICATE NO.: N088049/2623
an unincorporated association,

        Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the Defendant/Third Party Plaintiff's Motion to Disqualify Plaintiffs' Counsel (DE# 10, 6/9/10).  Having held an evidentiary hearing and having reviewed the Plaintiffs' Notice of Compliance with Court Order (DE# 41, 11/16/10), which includes an executed Affidavit and Conflict of Waiver for each of the eight plaintiffs, and being otherwise duly advised in the premises, it is

ORDERED AND ADJUDGED that the Defendant/Third Party Plaintiffs' Motion to Disqualify Plaintiffs' Counsel (DE# 10, 6/9/10) is DENIED.

"Disqualification of a party's chosen counsel is an extraordinary remedy and

should only be resorted to sparingly." <u>Singer Island Ltd., Inc. v. Budget Constr. Co.</u>, 714 So. 2d 651, 652 (Fla. 4th DCA 1998) (citations omitted); see <u>Coral Reef of Key Biscayne Developers, Inc. v. Lloyd's Underwriters at London</u>, 911 So. 2d 155, 157 (Fla. 3d DCA 2005).  Rule 4-1.9 of the Rules Regulating the Florida Bar governs conflicts between attorneys and former clients and applies to disqualification sought by the defendants in this action.  <u>Schulte v. Angus</u>, 14 So. 2d 1279, 1280 (Fla. 3d DCA 2009) (Disqualification for conflicts involving current clients is governed by Rule 4-1.7; disqualification for conflicts involving former clients is governed by Rule 4-1.9)(citing <u>Fenik v. One Water Place</u>, No. 3:06cv514/RV/EMT, 2007 WL 527997, at * 2 (N.D. Fla. Feb. 14, 2007); <u>In re Servico, Inc.</u>, 149 B.R. 1009, 1011 (Bankr. S.D. Fla. 1993)).

     Rule 4-1.9 is titled "Conflict of Interest; Former Client" and provides:

> A lawyer who has formerly represented a client in a matter shall not thereafter:
> (a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation;
> (b) use information relating to the representation to the disadvantage of the former client except as these rules would permit or require with respect to a client or when the information has become generally known; or
> (c) reveal information relating to the representation except as these rules would permit or require with respect to a client.

R. Regulating Fla. Bar 4-1.9.

     Mr. Brumer represented Worth Jewelers and its owner, Lee Haven, in a claim against The Underwriters of Lloyd's at London, the insurer of consigned jewelry that allegedly was stolen from the store.  Upon learning of Mr. Haven's arrest for purportedly arranging the robbery, Mr. Brumer obtained Mr. Haven's consent and release to represent the consignors and withdrew as counsel for Worth Jewelers in a separate

action.  The plaintiffs in this action are the consignors of the allegedly stolen jewelry. Although the matter is substantially related to counsel's representation of his former client, the interests of the plaintiffs (current clients) in this action are not materially adverse to the interests of the former client.  The plaintiffs in this action seek reimbursement for the loss of their consigned jewelry from the jewelry insurer, which is the same objective as Mr. Brumer sought in his representation of the jewelry store in its claim against the insurer.

The undersigned held an evidentiary hearing and ordered the plaintiffs to execute affidavits and waivers of conflict to address the defendant's conflict of interest concerns. In compliance with the undersigned's Order, each of the eight plaintiffs has executed an Affidavit and Waiver of Conflict, which reflects each plaintiff's knowledge of the potential conflict and the inability of plaintiffs' counsel to share any confidential information from his former client or to depose/cross-examine his former client, and each plaintiff's waiver of any future right to disqualify Mr. Brumer in this action.  See Affidavits and Waivers of Conflict (DE# 41, Ex. A, 11/16/10). Under the facts and circumstances of this action, disqualification is not warranted under Rule 4-1.9.

DONE AND ORDERED in Chambers at Miami, Florida this **22nd** day of November, 2010.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
United States District Judge Huck
All counsel of record